KATHLEEN BLISS, ESQ.
Nevada Bar No. 7606
kb@kathleenblisslaw.com
JACQUELINE TIRINNANZI, ESQ.
Nevada Bar 13266
jt@kathleenblisslaw.com
KATHLEEN BLISS LAW PLLC
1070 W. Horizon Ridge Pkwy., Suite 202
Henderson, Nevada 89012
Telephone: 702.463.9074

*Attorneys for Qing Shi aka "Jenny"*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>QING SHI,<br>  Aka "Jenny,"<br><br>Defendant. | CASE NO. 2:20-CR-00102-GMN-DJA<br><br>**STIPULATION AND PROPOSED ORDER TO CONTINUE SENTENCING**<br>**(First Request)** |

Qing Shi, by and through counsel of record Kathleen Bliss, Esq., and Jacqueline Tirinnanzi, Esq., and the United States of America, by and through Assistant United States Attorney Kimberly Sokolich, hereby stipulate and request that the Court vacate Ms. Shi's sentencing hearing currently set for January 19, 2022, at 1:00 p.m. and continue it to a later date convenient to the Court, but no sooner than ninety (90) days.  This stipulation is made and based upon the following:

1. The parties agree to the continuance.

2. On October 20, 2021, Ms. Shi pleaded guilty to one count of Conspiracy to Distribute a

Controlled Substance in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(viii). ECF No. 28.

3. Ms. Shi resides in West Wendover, Nevada, a small remote town in the far northeast corner of the state. West Wendover is nearly a six-hour drive to either Las Vegas or Reno (the two locations for the United States District Court for the District of Nevada). Ms. Shi relies on her friend and roommate to transport her to Las Vegas for her court appearances and would strongly prefer to wait until the inclement winter weather subsides before embarking to travel to Las Vegas for her sentencing.

4. Ms. Shi wants to be present in the courtroom for her sentencing hearing. Not only does Ms. Shi want to be present, but she requires an interpreter, and thus an in-person hearing is more conducive to delivering a seamless interpretation (as opposed to remote).

5. Defense counsel's ability to effectively and thoroughly explore all factors relevant to Ms. Shi's mitigation and sentencing presentation requires additional time due to language barriers, the need for interpretation, and physical distance.

6. Ms. Shi is not in custody and agrees to the proposed continuance.

7. Ms. Shi is currently gainfully employed in the buffet of a local West Wendover casino and has plans to further her training and education so she can obtain a position as a card dealer.

8. The additional time requested by this stipulation is reasonable pursuant to Fed. R. Crim. P. 32(b)(2), which states that the "court may, for good cause, change any time limits prescribed [for sentencing] in this rule." Furthermore, a delay in sentencing does not implicate or undermine the defendant's speedy trial rights under the United States Constitution. *See Betterman v. Montana*, 136 S.Ct. 1609, 1617-18 (2016).

9. This is the first request for a continuance of the sentencing. The additional time

requested herein is not sought for purposes of delay. No further continuances are anticipated, Ms. Shi is eager to reach resolution in the matter.

10. Denial of this request for a continuance would deny counsel for Ms. Shi sufficient time to effectively and thoroughly prepare for sentencing, taking into account due diligence. Accordingly, a denial of this request for continuance could result in a miscarriage of justice.

Dated January 30, 2022.

/s/ Kimberly Sokolich
KIMBERLY SOKOLICHI, ESQ.
Assistant U.S. Attorney

/s/ Jacqueline Tirinnanzi
JACQUELINE TIRINNANZI, ESQ.
Counsel for Qing Shi

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>QING SHI,<br>　　Aka "Jenny,"<br><br>　　　　　Defendant. | CASE NO. 2:20-CR-00102-GMN-DJA<br><br>**FINDINGS OF FACT, CONCLUSIOSN OF LAW AND ORDER** |

### FINDINGS OF FACT

1. The parties agree to the continuance.

2. On October 20, 2021, Ms. Shi pleaded guilty to one count of Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(viii). ECF No. 28.

3. Ms. Shi resides in West Wendover, Nevada, a small remote town in the far northeast corner of the state. West Wendover is nearly a six-hour drive to either Las Vegas or Reno (the two locations for the United States District Court for the District of Nevada). Ms. Shi relies on her friend and roommate to transport her to Las Vegas for her court appearances and would strongly prefer to wait until inclement winter weather subsides before embarking to travel to Las Vegas for her sentencing.

4. Ms. Shi wants to be present in the courtroom for her sentencing hearing. Not only does Ms. Shi want to be present, but she requires an interpreter, and thus an in-person hearing is more conducive to delivering a seamless interpretation (as opposed to remote).

5. Defense counsel's ability to effectively and thoroughly explore all factors relevant to Ms.

Shi's mitigation and sentencing presentation requires additional time due to language barriers, the need for interpretation, and physical distance.

6. Ms. Shi is not in custody and agrees to the proposed continuance.

7. Ms. Shi is currently gainfully employed in the buffet of a local West Wendover casino and has plans to further her training and education so she can obtain a position as a card dealer.

8. The additional time requested by this stipulation is reasonable pursuant to Fed. R. Crim. P. 32(b)(2), which states that the "court may, for good cause, change any time limits prescribed [for sentencing] in this rule." Furthermore, a delay in sentencing does not implicate or undermine the defendant's speedy trial rights under the United States Constitution. *See Betterman v. Montana*, 136 S.Ct. 1609, 1617-18 (2016).

9. This is the first request for a continuance of the sentencing. The additional time requested herein is not sought for purposes of delay. No further continuances are anticipated, Ms. Shi is eager to reach resolution in the matter.

10. Denial of this request for a continuance would deny counsel for Ms. Shi sufficient time to effectively and thoroughly prepare for sentencing, taking into account due diligence. Accordingly, a denial of this request for continuance could result in a miscarriage of justice.

**CONCLUSION OF LAW**

For all the above-stated reasons, the ends of justice are served by granting the requested continuance for the following reasons: Additional time requested by this stipulation is reasonable pursuant to Fed. R. Crim. P. 32(b)(2), which states that the "court may, for good cause, change any time limits prescribed [for sentencing] in this rule." Furthermore, a delay in sentencing does not implicate or undermine the defendant's speedy trial rights under the United States

Constitution. *See Betterman v. Montana*, 136 S.Ct. 1609, 1617-18 (2016). Failure to grant the continuance would deny parties sufficient time to meaningfully continue to prepare for sentencing, considering the exercise of due diligence. Accordingly, a denial of this request for continuance could result in a miscarriage of justice.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:20-CR-00102-GMN-DJA |
| Plaintiff, | |
| vs. | **ORDER** |
| QING SHI,<br>    Aka "Jenny," | |
| Defendant. | |

Based upon the stipulation of the parties, and good cause appearing, it is hereby ORDERED that Ms. Shi's sentencing hearing set for January 19, 2021, be, and the hereby is, VACATED.

IT IS FURTHER ORDERED that the sentencing hearing is reset for  April 20 , 2022, at the hour of  2:00 p.m.  in courtroom  7D .

Dated this  4  day of January 2022.

_____
THE HONORABLE GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE

KATHLEEN BLISS LAW PLLC
1070 W. HORIZON RIDGE PKWY., SUITE 202
HENDERSON NEVADA 89012
TEL – 702.463.9074